UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DANIEL DEAN KING JR**      **CASE NO. 3:21-CV-01653**

**VERSUS**      **JUDGE TERRY A. DOUGHTY**

**JOHN LUKE ROBERTSON ET AL**      **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Before the undersigned is a motion to dismiss for insufficient service of process filed by Defendants John Luke Robertson, Mary Kate Robertson, Willie Robertson, and Duck Commander, Inc. ("Duck Commander"), together Defendants. [doc. #10]. The motion is opposed by Daniel Dean King, Jr. ("Plaintiff). [doc. #18]. For the reasons assigned below, it is **RECOMMENDED** that Defendants' motion be **GRANTED**.

### I.  BACKGROUND

On April 24, 2020, Plaintiff was arrested and charged with aggravated assault by drive-by shooting after allegedly firing gunshots onto the property and inside the home of Defendants. [doc. #1, p. 7]. On April 24, 2021, Plaintiff filed a civil lawsuit in the Louisiana Fourth Judicial District Court for the Parish of Ouachita against Defendants for defamation concerning Defendants' statements to the police which led to Plaintiff's arrest, and against Ouachita Parish Sheriff Jay Russell ("Russell") for wrongful arrest and detention. *Id.* This lawsuit is still pending. *Id.*

On June 15, 2021, Plaintiff filed the instant lawsuit in this Court, bringing identical claims against Defendants and Russell as those brought in Plaintiff's state lawsuit.[1] [doc. #1]. On June 15, 2021, summonses were issued to Defendants. [doc. #2]. On July 15, 2021, copies of the summonses were brought to 117 Kings Lane, West Monroe, LA 71292, the office address for Duck Commander. [doc. #10-1, p. 5-6]. According to Defendants, the summonses "were merely left at the premises . . . specifically, on the counter of the Duck Commander store." *Id.* at 6.

On August 25, 2021, Defendants filed the instant motion on the grounds that service of process was insufficient. [doc. #10]. On September 16, 2021, Plaintiff filed a motion for extension of time to file a response to Defendants' motion, which the undersigned granted. [doc. #s 14&15]. On October 1, 2021, Plaintiff filed a second motion for extension of time to file a response to Defendants' motion on the grounds that it would be a "few weeks" before he had the funds to retain counsel. [doc. #16]. The undersigned granted Plaintiff's motion and gave him an extended deadline of October 19, 2021, to either respond to Defendants' motion or enroll counsel. [doc. #17].

On October 19, 2021, Plaintiff filed his opposition to Defendants' motion to dismiss, in which he explained that he is not an attorney and was not aware of the service of process requirements. [doc. #18]. Plaintiff also claimed that he had spoken with a lawyer who helped him understand the service of process requirements, and requested an extension of time to properly serve Defendants. [doc. #18, p. 1]. Plaintiff did not, however, make any substantive arguments regarding Defendants' motion.

---

[1] Russell filed a separate motion to dismiss for insufficient service of process which is currently pending before this Court. [doc. #19].

The undersigned granted Plaintiff's motion for extension of time to properly serve defendants, extending his deadline to November 24, 2021. [doc. #21]. The foregoing deadline has lapsed, and, as no subsequent motions for extension were filed, the instant motion is ripe.

## II.    LEGAL ANALYSIS

"[A] Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1353) (internal quotations omitted). When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-cv-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). "The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Walk-On's*, 2020 WL 2404911, at *1 (citations omitted). Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served."[2] *Landry v. Garber*, No. 19-cv-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *R&R adopted*, No. 19-cv-0367, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

---

[2] Although courts may exercise leniency towards pro se plaintiffs, a court cannot ignore insufficient service of process, even for a pro se litigant. *See Robinson v. Fleet*, 16-cv-0787, 2016 WL 8376308, at *2 (W.D. La. Dec. 29, 2016), *R&R adopted*, 2017 WL 777977 (quoting *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)) ("In liberally construing the pleadings of pro se litigants, courts 'nevertheless have required them to conform with procedural rules.'").

### III. ANALYSIS

Defendants contend that service of process was insufficient because: (1) it was not personally made on any individual; and (2) it did not include a copy of the complaint. [doc. #10-1, p. 5-6]. Although Plaintiff filed a brief suggesting his opposition to the motion, he did not argue that service had been proper. [doc. #18, p. 1]. Instead, he merely requested additional time to properly serve Defendants and explained his ignorance of the legal requirements. *Id.*

*A. Service Did Not Include Copies of the Complaint*

Federal Rule of Civil Procedure 4(c) requires that "[a] summons must be served with a copy of the complaint" by someone who is at least eighteen years old and not a party to the lawsuit. FED. R. CIV. P. 4(c). Service must be made within ninety days after the complaint is filed; however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

Here, while copies of the summonses were served, albeit improperly, at the Duck Commander office, a copy of Plaintiff's complaint was not included with the summonses. [doc. #10-1, p. 6]. Defendants included in their motion to dismiss the documents left at the Duck Commander office, which do not include copies of the complaint. [doc. #1-4]. Additionally, Defendants offered an affidavit from Harry G. Prophit IV ("Prophit"), a Duck Commander employee, who declared that the summonses left at the Duck Commander store did not include copies of the complaint. [doc. #s 1-4; 1-5]. Plaintiff has not provided any evidence or even argument in opposition. Accordingly, service was insufficient as to all Defendants, and it is recommended that the Complaint be dismissed on this basis.

B. *Service Was Not Made on a Proper Person*

Service of process for individual defendants is governed by Federal Rule of Civil Procedure 4(e). Rule 4(e) permits service of process through (1) service under the laws of the state where the district court is located or where service is made[3]; (2) personally delivering a copy of the summons and complaint to the defendant; (3) leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who also resides there; or (4) delivering a copy of the summons and complaint to an agent authorized by law or appointment. FED. R. CIV. P. 4(e).

Service of process for corporations, partnerships, and associations is governed by Federal Rule of Civil Procedure 4(h)(1). Rule 4(h)(1) permits service through (1) service of process under the laws of the state where the district court is located or where service is made[4]; or (2) by delivering a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or law.

The service attempted on John Luke Robertson, Mary Kate Robertson, and Willie Robertson did not comply with Rule 4(e). While Rule 4(e) contemplates several ways to properly effect service, all of these methods require the summons and complaint to be served on

---

[3] This Court is situated in Louisiana, and all Individual Defendants are citizens of Louisiana. Louisiana state law requires personal or domiciliary service on an individual defendant. LA. CODE CIV. PROC. art. 1231.

[4] As discussed *supra*, this Court is situated in Louisiana, and Duck Commander is a citizen of Louisiana. Louisiana law requires service of process to be made personally on any one of the corporation's agents. LA. CODE CIV. PROC. art. 1261. If the corporation does not have an agent, or if the process server, after certifying that he is unable to serve the agent after due diligent, may serve the corporation (1) by personal service on any officer, director, or person named as such in the last report filed with the secretary of state; (2) by personal service on any employee of suitable age and discretion at any place where the corporation regularly conducts business; or (3) by service allowed under La. R.S. 13:3204, if the corporation is subject to La. R.S. 13:3201. *Id.*

an individual. However, in Prophit's affidavit, he claims that the summonses "were left on a counter at the public storefront of the Duck Commander business, and not served on any individual." [doc. #10-4, p. 2]. Accordingly, because none of the methods of service under Rule 4(e) allow proper service to be effectuated without service on an individual, Defendant did not properly serve John Luke Robertson, Mary Kate Robertson, or Willie Robertson.

As to Duck Commander, service of process was ineffective under Rule 4(h)(1). Like service of process on individuals, service of process on corporations must, under any method, be effectuated on an individual. Here, as discussed *supra*, the summons intended for Duck Commander was not served on an individual, much less an individual enumerated in Rule 4(h)(1). Instead, the summons was left on the counter at the Duck Commander office. [doc. #10-4, p. 2]. Accordingly, because Rule 4(h)(1) does not allow a corporation to be served without service on an individual, Defendant did not properly serve Duck Commander.

Although the Court is cognizant of Plaintiff's pro se status, Plaintiff's failure to properly serve Defendants cannot be overlooked. Plaintiff has had adequate time to properly serve Defendants, but has failed to do so. Since learning of defective service of process, Plaintiff has been granted an extension of time to properly serve Defendants; however, there is no evidence that Plaintiff has sought to redress the service issue. In total, Plaintiff has had more than six months from the commencement of this suit to properly serve Defendants and yet, has not done so. Plaintiff has not presented evidence of circumstances to warrant another extension and did not substantively address Defendants' arguments regarding improper service in his opposition to Defendants' motion to dismiss. Accordingly, dismissal is warranted on these bases as well.

## CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendants' motion be **GRANTED**, and Plaintiff's claims against John Luke Robertson, Mary Kate Robertson, Willie Robertson, and Duck Commander be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 21st day of December 2021.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE