UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DANIEL DEAN KING JR**                   **CASE NO.  3:21-CV-01653**

**VERSUS**                                **JUDGE TERRY A. DOUGHTY**

**JOHN LUKE ROBERTSON, ET AL.**           **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Before the undersigned is a motion to dismiss for insufficient service of process filed by Defendant Jay Russell ("Defendant"), the Ouachita Parish Sheriff. [doc. #19]. The motion is unopposed. For the reasons assigned below, it is **RECOMMENDED** that Defendant's motion be **GRANTED**.

### I.   BACKGROUND

On April 24, 2020, Plaintiff was arrested and charged with aggravated assault by drive-by shooting after allegedly firing gunshots into a home in West Monroe, Louisiana. [doc. #1, p. 7]. On April 24, 2021, Plaintiff filed a civil lawsuit in the Louisiana Fourth Judicial District Court for the Parish of Ouachita against Defendant for wrongful arrest and detention. *Id.* This lawsuit is still pending. *Id.*

On June 15, 2021, Plaintiff filed the instant lawsuit in this Court, bringing identical claims against Defendant as those brought in Plaintiff's state lawsuit.[1] [doc. #1]. On June 15, 2021, a summons was issued to Defendant. [doc. #2].

---

[1] In his state and federal lawsuits, Plaintiff also asserts claims against the individuals who were inside of the home Plaintiff allegedly fired shots into, claiming that their statements to police regarding the alleged shooting are defamatory. [doc. #1].

On October 19, 2021, Plaintiff filed a motion for extension of time to serve all defendants. [doc. #18]. On the same day, Defendant filed the instant motion to dismiss on the grounds that Plaintiff did not serve Defendant with a copy of the summons and complaint. [doc. #19]. On October 25, the undersigned granted Plaintiff's motion, giving him until November 24, 2021, to properly serve all defendants and respond to Defendant's motion to dismiss. [doc. #21].

The foregoing deadline has lapsed and as no subsequent motions for extension have been filed, the instant motion is ripe.

## II. LEGAL ANALYSIS

"[A] Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1353) (internal quotations omitted). When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-cv-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

### III. ANALYSIS

Defendant contends that he was never served with a summons and a copy of the complaint, and, therefore, this case must be dismissed under Federal Rule of Civil Procedure 12(b)(5). [doc. #19]. Plaintiff did not submit an opposition to Defendant's motion.

Plaintiff has not offered anything to refute Defendant's claim that he has not been served. No evidence has been produced, nor has Plaintiff even claimed that Defendant was served. Therefore, Plaintiff has failed to meet his burden under 12(b)(5) to show that proper service was effectuated.

Although the Court is cognizant of Plaintiff's pro se status, Plaintiff's failure to serve Defendants cannot be overlooked. Plaintiff has had adequate time to serve Defendant, but has not, despite having more than six months from the commencement of this suit to do so, and being granted an extension. Plaintiff has not presented evidence of circumstances to warrant another extension and did not respond to Defendant's motion to dismiss. Accordingly, dismissal is warranted.

### CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendant's motion be **GRANTED**, and Plaintiff's claims against Jay Russell be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge

at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 21st day of December 2021.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE